IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISTIK and DEBORAH ISTIK, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, JILL D'AGOSTINO, an individual, and MICHAEL DINGMAN, an individual,<br><br>    Defendants. | Civil Action<br><br>No.:<br><br>**NOTICE OF REMOVAL**<br><br><br>Filed on Behalf of Defendants:<br>State Farm Mutual Automobile Insurance Company, Jill D'Agostino And Michael Dingman<br><br>Counsel of Record for<br>This Party:<br><br>Thomas A. McDonnell<br>PA I.D. #52711<br><br>SUMMERS, McDONNELL, HUDOCK & GUTHRIE, P.C.<br>Firm #911<br><br>The Gulf Tower, Suite 2400<br>707 Grant Street<br>Pittsburgh, PA 15219<br><br>(412) 261-3232 |

19831

{R0488231.1 }

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISTIK and DEBORAH ISTIK, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, JILL D'AGOSTINO, and individual, and MICHAEL DINGMAN, an individual, <br><br> Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

AND NOW, come the Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Summers, McDonnell, Hudock & Guthrie, P.C., and Thomas A. McDonnell, Esquire, and Defendants Jill D'Agostino, and Michael Dingman, by and through their attorneys, Robb Leonard Mulvihill, LLP and Daniel L. Rivetti, Esquire, and, pursuant to 28 U.S.C. §1441, et seq., files this Notice of Removal of Civil Action from the Court of Common Pleas of Beaver County, Pennsylvania, entitled *Charles Istik and Deborah Istik v. State Farm Mutual Automobile Insurance Company, Jill D'Agostino and Michael Dingman*, at Docket No. 11872-2014, pursuant to 28 U.S.C. §1332. In support of removal, Defendants respectfully aver as follows:

1. The Defendants remove this case based upon diversity jurisdiction despite Plaintiffs Charles and Deborah Istik's effort to destroy diversity jurisdiction and avoid removal to federal court. The Istiks joinder is improper because it knowingly filed claims that are not recognized under Pennsylvania law. Defendants Jill D'Agostino and Michael

Dingman were merely claims representatives employed by State Farm Mutual Automobile Insurance Company. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3dCir.1992)(finding that joinder is fraudulent where there is no colorable ground supporting the claim against the joined defendant). For the reasons, as discussed further below, this Court has diversity jurisdiction over this matter despite Plaintiffs' improper joinder efforts.

2.  Plaintiffs commenced this action by filing a Complaint in the Court of Common Pleas of Beaver County on or about December 19, 2014. A copy of the underlying Complaint is attached hereto as Exhibit "A".

## THE PROPERLY JOINED PARTIES ARE DIVERSE

3.  This Court has original jurisdiction over this action because the properly joined parties are of diverse citizenship and the amount in controversy, upon information and belief, is over $75,000, as the following facts demonstrate.

4.  Plaintiffs Charles and Deborah Istik allege to be citizens and residents of Pennsylvania. *See* Complaint at Paragraph 1.

5.  Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation with its principal place of business in Bloomington, Illinois.

6.  State Farm is a citizen of a state other than Pennsylvania; therefore, the parties to this action are diverse as to Plaintiffs Charles and Deborah Istik, because they are citizens of Pennsylvania and thus are citizens of different states. 28 U.S.C. §1332(a)(1). The non-diverse citizenship of Defendants Jill D'Agostino and Michael Dingman should be ignored for the reasons set forth below.

## JILL D'AGOSTINO AND MICHAEL DINGMAN HAVE BEEN IMPROPERLY JOINED TO DEFEAT DIVERSITY

7. Jill D'Agostino and Michael Dingman have been identified as Defendants, and the Plaintiffs are suing these individual under the Unfair Trade Practices and Consumer Protection Law.

8. The Plaintiffs now bring this claim as a matter of law, and its joinder in the suit is improper because Defendants D'Agostino and Dingman were merely employees of State Farm Mutual Automobile Insurance Company.

9. Improper joinder occurs when a non-diverse party is added solely to deprive the federal courts of jurisdiction. In the Third Circuit, joinder is fraudulent or improper where there is no colorable grounds supporting the claim. Boyer v. Snap-On Tools, 913 F.2d 108, 111 (3d Cir. 199).

10. Plaintiffs Charles and Deborah Istik have asserted claims for which they have no colorable grounds.

11. In the instant matter, Plaintiffs are seeking to recover underinsured motorist (UIM) benefits in regards to two policies of insurance which were issued to the Plaintiffs by State Farm and are alleged to have been in full force and effect at the time of the underlying accident.

12. In regards to Defendants D'Agostino and Dingman, the Plaintiffs allege these Defendants failed to properly investigate and handle the Plaintiffs' insurance claims, the Plaintiffs suffered an unwarranted deprivation of insurance benefits and unwarranted litigation of the UIM claim. See Paragraphs 39 and 59 of Plaintiffs' Complaint.

13. However, Plaintiffs recognize, as noted by the Complaint, that Defendants

{R0488231.1 }

D'Agostino and Dingman have been improperly joined and are not the proper parties to this lawsuit.

14. In paragraph 38 of the Complaint the Plaintiffs allege, "That Defendant, State Farm, is liable to the Plaintiff for the actions of the Defendant Jill D'Agostino, based upon the doctrine of master/servant, *respondeat superior* and vicarious liability." See Paragraph 38 of Plaintiffs' Complaint.

15. In Paragraph 58 of the Complaint the Plaintiffs allege, "That Defendant, State Farm, is liable to the Plaintiff for the actions of the Defendant Michael Dingman, based upon the doctrine of master/servant, *respondeat superior* and vicarious liability." See Paragraph 58 of Plaintiffs' Complaint.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. In addition to satisfying diversity of citizenship of the parties, the amount in controversy requirement under 28 U.S.C. §1332 is satisfied based upon Plaintiffs' Complaint.

17. To determine whether the amount in controversy requirement for exercise of diversity jurisdiction has been satisfied, the court must measure the amount not by the low end of an open-ended claim but rather by a reasonable reading of the value of the rights being litigated. Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002).

18. The Plaintiffs allege that, notwithstanding the Plaintiffs' alleged damages, "That the Department of Veterans Affairs Medical Center has asserted a lien in the amount of $341,528.41 as a result of necessary medical treatment required by the subject motor vehicle accident." See Plaintiff's Complaint at Paragraph 14.

19. Based on Plaintiffs' demands for compensatory damages and a variety of other damages, the amount in controversy requirement for diversity jurisdiction is satisfied. *See* Valley v. State Farm Fire and Cas. Co., 504 F.Supp. 2d1 (E.D.Pa. 2006).

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

20. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, and thus the action may be removed to this Honorable Court pursuant to 28 U.S.C. §1441(a).

21. Pursuant to 28 U.S.C. §1446(b), removal is timely filed within 30 days after the receipt by the Defendants through service or otherwise, of the initial pleading setting forth the claims for relief.

22. Pursuant to 28 U.S.C. §1446(d), Defendants are, at this day, filing a copy of the Notice of Removal with the Court of Common Pleas of Beaver County, and serving this Notice on Plaintiffs' counsel.

WHEREFORE, Defendants respectfully request that the above-caption action stand removed from the Court of Common Pleas of Beaver County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

## JURY TRIAL DEMANDED

Date: January 29, 2015

       Respectfully submitted,

       SUMMERS, MCDONNELL, HUDOCK & GUTHRIE, P.C.

     By:   /s/: *Thomas A. McDonnell*
           Thomas A. McDonnell
           Pa. ID 52711
           707 Grant Street, 24th Floor
           Pittsburgh, PA 15219
           (412) 261-3232
           tmcdonnell@summersmcdonnell.com
           Counsel for Defendants

ROBB LEONARD MULIVHILL

By:  /s/: *Daniel L. Rivetti*
      Daniel L. Rivetti
      Pa. ID 73015
      500 Grant Street, Suite 2300
      Pittsburgh, PA 15219
      (412) 281-5431
      drivetti@rlmlawfirm.com
      Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISTIK and DEBORAH ISTIK, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, JILL D'AGOSTINO, and individual, and MICHAEL DINGMAN, an individual,<br><br>    Defendants. | Civil Action No.: |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2015, a copy of the foregoing **Notice of Removal** was electronically filed and sent to the following individuals via first-class US Mail and the Court's ECF filing system, and is available for viewing and downloading therefrom:

    Kelly M. Tocci, Esquire
    2131 Brodhead Road
    Aliquippa, PA 15001

SUMMERS, MCDONNELL, HUDOCK & GUTHRIE, P.C.

By: /s/: *Thomas A. McDonnell*
    Thomas A. McDonnell
    Pa. ID 52711
    707 Grant Street, 24th Floor
    Pittsburgh, PA 15219
    (412) 261-3232
    tmcdonnell@summersmcdonnell.com
    Counsel for Defendants

ROBB LEONARD MULIVHILL

By: /s/: *Daniel L. Rivetti*
    Daniel L. Rivetti
    Pa. ID 73015
    500 Grant Street, Suite 2300
    Pittsburgh, PA 15219
    (412) 281-5431
    drivetti@rlmlawfirm.com
    Counsel for Defendants

{R0488231.1 }