IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES ISTIK; DEBORAH ISTIK          )
*husband and wife*,                    )
                         Plaintiffs,   )
                                       )
            vs.                        )     Civil Action No. 15-121
                                       )     Chief Magistrate Judge Maureen P. Kelly
STATE FARM MUTUAL                      )
AUTOMOBILE INSURANCE                   )
COMPANY *a corporation*; JILL          )
D'AGOSTINO *an individual*; MICHAEL    )     Re: ECF Nos. 3 and 6
DINGMAN *an individual*,               )
                         Defendants.   )

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiffs Charles Istik and his wife Deborah Istik (collectively, "Plaintiffs") filed a

Complaint in the Court of Common Pleas of Beaver County, Pennsylvania, on December 19,

2014, bringing claims against Defendant State Farm Mutual Automobile Insurance Company

("State Farm") and two of State Farm's adjusters, Defendants Jill D'Agnostino ("D'Agnostino"),

and Michael Dingman ("Dingman") (collectively, "Defendants"). Plaintiffs allege that

Defendants wrongfully withheld underinsured motorist ("UIM") benefits under an insurance

policy purchased by Charles Istik after he was injured in a motor vehicle accident in May of

2012. Counts I, II and IV of the Complaint set forth breach of contract claims against State Farm

and Counts III and V of the Complaint set forth claims against D'Agnostino and Dingman under

the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq*.

("UTPCPL").

On January 29, 2015, Defendants removed the case to this Court based on diversity

pursuant to 28 U.S.C. §§ 1332, despite the fact that Plaintiffs are alleged to be citizens and

residents of Pennsylvania and Defendants D'Agnostino and Dingman are also alleged to be citizens and residents of Pennsylvania.  ECF No. 1-1, ¶¶ 1, 3, 4.[1]  Defendants claim that because Plaintiffs knowingly filed claims against Defendants D'Agnostino and Dingman that are not cognizable under Pennsylvania law, and that they did so for the sole purpose of destroying diversity, D'Agnostino and Dingman's citizenship should be ignored in determining whether this Court has subject matter jurisdiction.

Presently before the Court is a Motion for Remand submitted on behalf Plaintiffs and a Motion to Dismiss filed on behalf of Defendants D'Agnostino and Dingman.  ECF Nos. 3, 6. For the reasons that follow, the Motion for Remand will be granted and the Motion to Dismiss will be denied without prejudice.

I.      APPLICABLE STANDARDS

A defendant in a civil action brought in state court has a statutory right to remove the action to federal court if the claims brought by the plaintiff could have been brought originally in federal court.  See 28 U.S.C. § 1441(a).  Under the statutory scheme, if the defendant removes a case to federal court based upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

An exception to the rule that removal be based upon complete diversity is recognized, however, where a non-diverse defendant has been fraudulently joined or added to the action solely for the purposes of defeating diversity jurisdiction.  Id.  Under these circumstances, the

---

[1] Although Plaintiffs allege in the Complaint that State Farm is a Pennsylvania Corporation and regularly conducts business in Pennsylvania, ECF No.1-1, ¶ 2, it appears that State Farm is an Illinois Corporation with its principal place of business in Bloomington, Illinois.  ECF No. 1, ¶ 5.  See Ozanne v. State Farm Mut. Auto. Ins. Co., 2011 WL 1743683, at *2 n.1 (W.D. Pa. May 5, 2011).

court may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, and thereby retain jurisdiction." Id., *quoting* Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted).  Where, however, the district court determines that the non-diverse defendant was not fraudulently joined and that subject matter jurisdiction is therefore lacking, the district court must remand the case to state court.  28 U.S.C. 1447(c).

Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.  Grossi v. Travelers Ins. Co., 2010 WL 483797, at *1 (W.D. Pa. Feb. 5, 2010).  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (fraudulent joinder is found only where the plaintiff's claims are "wholly insubstantial and frivolous"); West v. Marriott Hotel Servs., Inc., 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010) (fraudulent joinder is "reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility").

In making this determination, the court must resolve any legal uncertainties in the plaintiff's favor and assume as true all factual allegations in the complaint.  Pa. Employees Benefit Trust Fund v. Eli Lilly & Co., 2007 WL 2916195, at *7 (E.D. Pa. Oct. 5, 2007). Although the court is permitted to look outside the pleadings to resolve the issue, it must refrain from delving into the merits of the claims.  In re Briscoe, 448 F.3d at 219.  See Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 367-68 (E.D. Pa. 2000) (a district court may not find that joinder is fraudulent "[s]imply because [the district court has] come to believe that, at the end of the day, a state court could dismiss the allegations against a defendant for failure to state a cause of action").  Finally, the party claiming that the plaintiff has fraudulently joined a party in order to defeat diversity jurisdiction has a heavy burden of persuasion and all doubts concerning the

propriety of removal are to be resolved in favor of remand.  <u>Batoff v. State Farm Ins. Co.</u>, 977

F.2d at 851-52.

## II.    DISCUSSION

As previously noted, Charles Istik has brought claims under the UTPCPL against

Defendants D'Agnostino and Dingman at Counts III and V of the Complaint.[2]  Defendants

contend that there is no reasonable basis in fact or colorable ground to support these claims

thereby evidencing that D'Agnostino and Dingman have been fraudulently joined, and that

diversity jurisdiction therefore lies with this Court.  To support their position, Defendants

advance three arguments: 1) that D'Agnostino and Dingman, as insurance adjusters, cannot be

held liable under the UTPCPL because there is no privity of contract between them and

Plaintiffs; 2) that Plaintiffs are unable to succeed on their UTPCPL claims because they have

failed to allege that D'Agnostino and Dingman engaged in any fraudulent activity and

allegations of improper claim handling are insufficient to state a UTPCPL claim; and 3) that

Plaintiffs' claims against Defendants boil down to the allegation that they merely failed to

perform their contractual duties by refusing to pay additional UIM benefits which constitutes

nonfeasance and is not actionable under the UTPCPL.  <u>See</u> <u>Kakule v. Progressive Cas. Ins. Co.</u>,

2007 WL 1101271, at *5 (E.D. Pa. April 10, 2007), *Opinion vacated in part on other grounds on*

*reconsideration,* 2007 WL 1810667 (June 20, 2007) ("[o]nly malfeasance, the improper

performance of a contractual obligation, raises a cause of action under the UTPCPL, whereas

failure to perform a contractual duty, or nonfeasance, is not actionable").

These arguments, however, have been repeatedly rejected by various district courts

within the Third Circuit as being insufficient to establish fraudulent joinder.  <u>See</u> <u>Kapton v. Ohio</u>

---

[2] The UTPCPL prohibits the use of "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," 73 Pa. Stat. Ann. § 201-3, and creates a private right of action in persons who sustain an ascertainable loss as a result of such unlawful conduct.  <u>Id.</u> § 201-9.2.

Cas. Ins. Co., 2014 WL 1572474 (W.D. Pa. April 17, 2014); Ozanne v. State Farm Mut. Auto

Ins. Co., 2011 WL 1743683 (W.D. Pa. May 5, 2011); Grossi v. Travelers Ins. Co., 2010 WL

483797 (W.D. Pa. Feb. 5, 2010); Amitia v. Nationwide Mut. Ins. Co., 2009 WL 111578 (M.D.

Pa. Jan. 15, 2009); Kenia v. Nationwide Mut. Ins. Co., 2008 WL 220421 (M.D. Pa. Jan. 25,

2008); Alberty v. Nationwide Mut. Ins. Co., 2006 WL 2601324 (W.D. Pa. Sept. 11, 2006);

Fenkner v. Nationwide Mut. Ins. Co., 2005 WL 1172642 (M.D. Pa. May 18, 2005); Simon v.

UnumProvident Corp., 2002 WL 1060832 (E.D. Pa. May 23, 2002); Smith v. Nationwide Mut.

Fire Ins. Co., 935 F. Supp. 616 (W.D. Pa. 1996); Parasco v. Pacific Indem. Co., 870 F. Supp. 644

(E.D. Pa. 1994). See also Pekular v. Eich, 355 Pa. Super. 276, 513 A.2d 427 (1986).

Recognizing that Pennsylvania courts have permitted UTPCPL claims brought against insurance

adjusters to proceed in certain cases, these courts concluded that they were unable to find that the

UTPCPL claims before them were wholly insubstantial and frivolous.  These courts also found

that delving into questions such as contractual privity and whether the defendant's conduct rose

to the level of misfeasance, as Defendants here have asked this Court to do, would require the

court to improperly evaluate the merits of the plaintiff's UTPCPL claims.  As noted by many of

these courts: "if there is even a possibility that a state court would find that the complaint states a

cause of action against any one of the resident defendants, the federal court must find that joinder

was proper and remand the case to state court."  See e.g. Kapton v. Ohio Cas. Ins. Co., 2014 WL

1572474, at *3, quoting Batoff v. State Farm Ins. Co., 977 F.2d at 851–52.  Because these cases

make it clear that there is a possibility that the state court would find that the Complaint in this

matter states a cause of action under the UTPCPL against D'Agnostino and Dingman, this Court

is unable to conclude that their joinder is fraudulent.[3]

---

[3] This is particularly true here where, contrary to Defendants' assertion, Plaintiffs have sufficiently alleged that
Defendants D'Agnostino and Dingman engaged in malfeasance, and not just nonfeasance, when they selectively

Defendants also argue that fraudulent joinder should be found because Plaintiffs have no intention of prosecuting Defendants D'Agnostino and Dingman, as evidenced by other cases in which counsel for Plaintiffs has voluntarily dismissed the non-diverse individual defendants after the case has been remanded.  It is well established, however, that a plaintiff's motive for joining a defendant, even if it is to defeat diversity, is not considered indicative of fraudulent joinder. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985).  See Reid v. Albizem, 2014 WL 2915883, at *3 (E.D. Pa. June 25, 2014) ("[a] plaintiff's subjective motive for suing a non-diverse defendant, even if that motive is a desire to defeat removal, is not relevant to the inquiry of fraudulent joinder); Greenberg v. Macy's, 2011 WL 4336674, at *7 (E.D. Pa. Sept. 15, 2011) ("even though it is apparent that Plaintiff joined Peticca–Melso and Rogers simply to defeat diversity, I cannot conclude that the joinder is fraudulent"); Mount Olivet Tabernacle Church v. Emerson Elec. Co., 1997 WL 89118, at *4 (E.D. Pa. Feb. 26, 1997), *quoting* Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 189 (1931) ("in a removal proceeding the motive of a plaintiff in joining defendants is immaterial.... [W]here there is [ ] prima facie joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court").  Rather, the question is whether there is a possibility that the state court would find that Plaintiff has stated a cause of action against one of the non-diverse defendants.  Having found that Pennsylvania court have recognized UTPCPL claims brought against insurance adjusters, that possibility clearly exists.  Whether or not Plaintiffs have actually

---

ignored medical documentation of Charles Istik's injuries; conducted an unreasonable and improper investigation; intentionally delayed and obstructed the claim; and compelled Plaintiffs to litigate and expend monies to present the claim despite State Farm's clear liability under the policy.  ECF No. 1-1, ¶¶ 33, 53.  See Kakule v. Progressive Cas. Ins. Co., 2007 WL 1101271, at *5.

stated a UTPCPL claim against D'Agnostino and Dingman in this case is not for this Court to decide.

Moreover, the District Court for the Eastern District of Pennsylvania has found that serving a non-diverse defendant with the complaint is sufficient to demonstrate the actual intention to prosecute an action against him or her. Gaynor v. Marriott Hotel Servs., Inc., 2013 WL 4079652, at *6 (E.D. Pa. Aug. 13, 2013). Defendants do not dispute that D'Agnostino and Dingman were served with the Complaint in this matter and thus it cannot be said that Plaintiffs have no intention of prosecuting them.

Finally, Defendants' argument that Plaintiffs have no intention of prosecuting this action against Defendants D'Agnostino and Dingman, as evidenced by counsel for Plaintiffs pattern of joining non-diverse defendants so as to destroy diversity and then voluntarily dismiss them from the case after it has been remanded to state court for lack of diversity jurisdiction, is unpersuasive. The fact that non-diverse defendants have been dismissed from other cases handled by Plaintiffs' counsel upon remand is not only irrelevant to this case, but it does not speak to whether the Complaint filed in this matter sets forth a colorable claim against D'Agnostino or Dingman, which is the only issue before the Court.

Further, as pointed out by Plaintiffs and/or their counsel, review of the three cases cited by Defendants as evidencing the lack of intent to prosecute the claims against D'Agnostino and Dingman do not support their theory. In the first case, Ozanne v. State Farm Mutual, No. 10228 of 2011 (CCP Beaver Co.), the insurance adjusters were not dismissed from the case until nine-months after the case was remanded and after two rounds of preliminary objection arguments and discovery had been conducted. See ECF No. 12-1, pp. 1-2. In the second case, Bozza v. The Hartford Ins. Co., No. 33069 of 2004 (CCP Beaver Co.), the adjuster defendant remained in

the case until the Defendant's Motion for Judgment on the pleadings was adjudicated and was voluntarily dismissed from the case as part of the settlement.  See ECF No. 12-2, pp. 2-3.  As to the third case, Grossi v. Travelers Ins. Co., No. 12646 of 2007 (CCP Beaver Co.), although the adjusters were voluntarily dismissed from the case forty-five days after the case was remanded to state court, at least one of the adjusters was dismissed because of the plaintiff's inability to obtain service.  See ECF No. 12-3, p. 1.

In addition, Plaintiffs and/or their counsel have pointed to other cases that counsel handled where the adjuster defendant has remained in the case for over one year after remand and was still in the case as of April 14, 2015, when Plaintiff filed their reply brief in this matter; where an insurance adjuster remained in the case after five months even though the case was not removed to federal court; and where no claim was brought against an adjuster at all and was removed to federal court where it was settled following mediation.  See ECF No. 12, p. 5.  Under these circumstances, the Court finds no particular pattern or practice of joining insurance adjusters only to dismiss them from the case following remand.  Hence, Defendants have failed to meet their burden of showing fraudulent joinder and this Court, therefore, is without jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, the reasons that follow, Plaintiff's Motion for Remand is properly granted and the Motion to Dismiss will be denied without prejudice.  Accordingly, the following Order is entered:

### ORDER

AND NOW this 24th day of June, 2015, upon consideration of Plaintiff's Motion for Remand, ECF No. 6, Defendants' Brief in Opposition to the Plaintiffs' Motion for Remand, ECF

No. 11, and Plaintiff's Reply to Brief in Opposition to Motion to Remand, ECF No. 12, IT IS

HEREBY ORDERED that Plaintiff's Motion for Remand, ECF No. 6, is GRANTED, and the

Clerk is directed to return the case to state court.  IT IS FURTHER ORDERED that the Motion

to Dismiss filed on behalf of Defendants D'Agnostino and Dingman is denied without prejudice

to refile in state court.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if any party wishes to appeal from this Order they must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of

Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All Counsel of Record Via CM-ECF

9